VICKERY, J.
In the court below Charles T. Maley was plaintiff and John Haggerty was the defendant. It seems that on October 31, 1908, plaintiff below made a lease of certain premises, situated in the city of Cincinnati, to Herbert L. Freeman for a term of five *836 years, beginning November 1, 1908 and ending November 1, 1913, together with a privilege, of renewal for a further period of five years under certain conditions set forth in the lease, and that on September 17, 1909 said Herbert L. Freeman, with the consent of the plaintiff below, assigned said lease to the defendant, J ohn Haggerty, which assignment and consent were in writing, and that said assignment went on record September 18, 1909, and is recorded in the records of leases of Hamilton county. Thereafter, said Haggerty entered into possession of the premises paying as a rental per year the sum of $420 in installments of $35 per month, on the first day of each and every month, and continued in possession and paid the rent as provided in the lease up until November 1, 1913.
The provision in the lease as to the renewal was in effect that when the lessee or his assignee should desire renewal, he was to make known his election ninety days prior to the end of the lease, and that under the renewal the rental should be at the rate of $50 per month, or $600 per year.
The lease contained a provision whereby the defendant could erect a building upon said premises, and certain provisions as to how to arrive at the value of the building, and for the fixing of the compensation or the payment for the building upon the termination of the lease.
The defendant, Haggerty, did not notify the plaintiff of his desire for an extension or renewal of the lease ninety days prior to the ending of the lease, nor at any other time, but the record shows by the proffer of certain evidence that there was some conversation or communication between them which indicated a desire of Haggerty to vacate the premises, and asked for an adjudgment of the rights between the plaintiff and defendant as to proper compensation for the building that Haggerty had erected on the property, but nothing was done by the owner of the property in this respect. On November 1, 1913, Haggerty was in possession of the property, and, the agent of the plaintiff appeared with a bill made out for the month’s rent at the rate of $50 per month, which, it is claimed, Haggerty refused to pay, saying that he did not want to stay for five years. But, *837 upon a statement made by tbe collector/ tbat he should see tbe plaintiff and arrange about tbat be paid tbe $50. From tbat time on, be paid at tbe rate of $50 per month for two years and a half and then vacated tbe property.
This action was brought to recover tbe rent at the rate of $50 per month for two and a half years of the remainder of tbe full term of five years, if there bad been a renewal of tbe lease for tbat period of time.
Tbe second cause of action is a claim for tbe taxes tbat tbe owner of tbe property bad paid and which be sought to recover from tbe defendant, Haggerty.
Issues were joined on these causes of action, and a trial to a jury was bad, but before tbe case was submitted to a jury it was agreed by both parties tbat a jury should be waived and tbe case tried to tbe court. Whereupon, tbe case was submitted to tbe court, which rendered a judgment for the plaintiff against tbe defendant on both causes of action, amounting to something over $1,800. This proceeding was brought by tbe said Haggerty to reverse tbat judgment.
Tbe petition in error is predicted upon several alleged errors. Perhaps it will not be necessary to consider all of these.
One of tbe first errors claimed is tbat certain testimony was sought to be introduced by tbe defendant below, which tended to show tbat when tbe collector called on November 1, 1913, for tbe rent and be first declined to pay tbe rent saying tbat be did not want the property for a period of five years, but, upon being told by tbe agent tbat be would have to see tbe landlord, tbe plaintiff, about tbat, be thereupon paid tbe rent and then went to see tbe landlord. Tbe admission of this evidence was refused by tbe court upon objection, to which an exception was taken.
We think this was clearly erroneous. Tbe court apparently based bis ruling upon tbe fact tbat inasmuch as tbe tenant was bolding over beyond bis term and accordingly paid the rental provided for in tbe lease, if it bad been renewed, amounted to an irrebuttable presumption that the lease had been renewed.
We recognize from tbe authorities tbat where a lease provides for a renewal under a different rental than tbat of the *838 original term, and the tenant stays in and voluntarily pays the increased or different rental, without any explanation, or anything being said, it operates as a renewal for the new term. But, here, the profferred evidence tended to show that this was not the situation; that the rent was paid under a different and distinct understanding, and surely under such circumstances it would be error not to permit testimony, which would explain the payment.
We think the law is well settled in Ohio that ordinarily when a lease is for a term of years and the tenant stays beyond the term of the lease, he becomes a tenant from year to year, that is, where there has been no renewal provided for in the lease itself. In Baltimore & O. Ry. v. West, 57 Ohio St. 161 [49 N. E. 344], many of the authorities are collected and cited as a basis for the judgment in that case. We know that this is a different rule from that recognized in many other states, where the rule is that the staying beyond the term extends the lease for a further term equal to that provided for in the lease. But we do not understand that to be the rule in Ohio. In fact the rule is the other way, and we, therefore, think the court erred in keeping this evidence out of the record. Of course, we do not know what governed the court in the final decision when it was submitted to him, but we do know that this evidence legally was not before him, and the party had the right to have that evidence properly before the court. Inasmuch as this evidence was proper, and the court ruled it out, we think error was committed.
We think it was error likewise for the court to refuse the admission of the evidence contained in the bill of particulars, that was filed by the plaintiff below against the defendant below, in the municipal court of Cincinnati, wherein it was set up that on November 1, 1913, by virtue of an agreement between the parties, the lease was extended for a year, and thence on the first day of November of the second year a like agreement was entered into between the parties. This tended to corroborate the theory of the plaintiff in error that the lease had not been renewed, but a new contract from year to year had *839 been made, and it served as admission against interest, wbicb, we understand, always to be admissible. Therefore,, the court erred in ruling this out.
Coming now to the second cause of action on the question of taxes. "We find nothing in the lease which dompelled the tenant to pay the taxes, and there being no agreement for the tenant to pay the taxes, we do not understand upon what basis the right to recover from him could be predicted. The mere fact that the tenant may have paid some of the' taxes without being aware of his fights, would not confer a legal right upon the plaintiff to recover the taxes which the tenant did not pay. We, therefore, think the court erred in rendering judgment upon the second cause of action, and the judgment was erroneous in this respect.
For these errors, the case is reversed and remanded to the court of common pleas for a further proceeding according to law.
Dunlap and Washburn, JJ., concur.